UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HARLAN ISKE,<br><br>                Plaintiff<br><br>v.<br><br>H.D.S.P., *et al.*,<br><br>                Defendants | Case No. 2:22-cv-01035-CDS-EJY<br><br>ORDER DISMISSING AND CLOSING CASE AND DENYING AS MOOT IFP APPLICATION<br><br>[ECF No. 14] |

Plaintiff Harlan Iske brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while he was incarcerated at Ely State Prison and High Desert State Prison. ECF No. 16. On November 23, 2022, I ordered Iske to file an amended complaint by December 23, 2022. ECF No. 15 at 13. I warned Iske that the action could be dismissed if he failed to file an amended complaint by that deadline. *Id.* The deadline expired but Iske did not file an amended complaint, move for an extension of time, or otherwise respond. And the court's mail to Iske has been returned as undeliverable. ECF No. 17.

I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Iske's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Iske files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. And the court's mail to Iske has been returned as undeliverable, so the chance that a second order would even reach him is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II. CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on plaintiff Harlan Iske's failure to file an amended complaint in compliance with the court's November 23, 2022, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Iske wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 14) is denied as moot.

DATED this 23rd day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE